BRODSKY MICKLOW BULL & WEISS LLP
Edward M. Bull III, SBN 141996
Amy Jo Bull, SBN 135939
384 Embarcadero West, Suite 200
Oakland, California, 94607-3704
Telephone: (510) 268-6180
Facsimile: (510) 268-6181

Attorneys for Plaintiff
KENNETH NEAL

**FILED**

FEB - 5 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

KENNETH NEAL

          Plaintiff,

vs.

NYK LINE, in personam; M/V JUPITER LEADER, her engines, tackle, furniture, apparel, etc., in rem; DOES 1-10

          Defendants.

CASE NO.: C13-0507 JCS

**LONGSHOREMAN'S COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES**

33 U.S.C. §§ 905 (b) & 933

DEMAND FOR JURY TRIAL

1. Plaintiff KENNETH NEAL ("Plaintiff") brings and maintains this action pursuant to the provisions of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 905(b) and 933, and United States Constitution Art. III, Section 2. This Court also possesses diversity jurisdiction over the claims asserted herein pursuant to 28 U.S.C. §1332 because this is an action between citizens of different states as set forth more fully below in paragraphs 5 through 8 and the matter in controversy exceeds $75,000 exclusive of interest and costs.

2. This is an Admiralty and Maritime Complaint for damages involving a maritime tort for negligence within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has jurisdiction over this controversy pursuant to Rules B and C of the Federal Rules of Civil

1

Longshoreman's Complaint for Personal Injuries

Procedure, Supplemental Rules of Certain Admiralty and Maritime Claims.

3. This Admiralty claim is also a proceeding *in rem* against a certain Singapore flagged cargo vessel (Ro-ro/Pure Car Carrier) known as the M/V JUPITER LEADER (IMO No. 9402756) ("JUPITER LEADER") pursuant to Rules C and E of the Supplemental Rules of Certain Admiralty and Maritime Claims.

4. The events giving rise to this action and to the injury and damages asserted herein occurred at the Port of Richmond, County of Contra Costa, California, and in this judicial district.

5. Plaintiff is a citizen the United States and is a resident in the County of Contra Costa, California, and a longshoreman covered under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901, *et seq.*, brings and maintains this action pursuant to 33 U.S.C. § 905 (b) and 933.

6. Plaintiff is informed and believes, and thereon alleges, that defendant NYK LINE (Hereinafter "NYK") is a corporation organized and existing under the laws of the nation of Japan. Plaintiff is informed and believes, and thereon alleges, that NYK owns and operates a fleet of vessels that operate upon the navigable waters of the United States and, at all relevant times, was transporting automobiles between foreign ports and ports in the United States. Plaintiff is informed and believes, and thereon alleges, that NYK does business in this judicial district and regularly calls on ports in California, including the Port of Richmond, located in this judicial district.

7. The JUPITER LEADER is the *in rem* defendant in this action. Plaintiff is informed and believes, and thereon alleges, that the JUPITER LEADER is, and at all relevant times was, owned, operated, managed, chartered and/or controlled by NYK. Upon information and belief, Plaintiff further alleges that JUPITER LEADER is, or will be, while this action pending, within this judicial district. At all times relevant hereto, the JUPITER LEADER was engaged in the carriage of automobiles by water for hire between foreign ports and ports in the Untied States, and was afloat and operating upon the navigable waters of the United States.

8. Plaintiff does not know the true names and capacities, whether corporate, associate or individual, of the defendants sued herein under the fictitious names of DOES 1 through 10, and Plaintiff prays leave to amend this complaint to allege said true names and capacities when

2

Longshoreman's Complaint for Personal Injuries

ascertained. All such DOE defendants, if any, are residents of foreign countries, and none of them are domiciled in the State of California.

9. Plaintiff is informed and believes and thereon alleges that each of the defendants designated herein as "DOES 1-10" are negligently responsible in some manner for the injuries and damages to Plaintiff. At all relevant times, Defendants NYK, JUPITER LEADER and DOES 1 through 10, were the agents, servants, employees and/or representatives of each other and were acting within the course and scope of such employment.

10. At all relevant times, Plaintiff was a longshoreman employed by APS Stevedoring LLC ("APS"), that is, on information and belief, organized under and by virtue of the laws of the state California. APS is authorized to do business and was at all relevant times doing business in the State of California and in Richmond, California, with its primary place of business in Long Beach, California.

11. On or about December 14, 2011, Plaintiff was employed by APS as a car driver/unloader assigned to the JUPITER LEADER which was in the process of discharging (unloading) automobiles at the Port of Richmond. On or about that date, Plaintiff and other longshoremen were being transported aboard the vessel in a van so that they could drive cars off the ship, when the van collided with an un-marked and un-labeled low over-hang/ramp, and Plaintiff and his fellow longshoremen were injured. The standard configuration of vehicle carriers like the JUPITER LEADER is that the lower garage decks have higher clearances to accommodate larger vehicles, and the upper garage decks have lower clearances. Furthermore, it is the standard in the industry to have the longshoremen drive up to the upper decks in the vans and then stop at the last high clearance deck, unload, and take stairs to the upper decks. Finally, it is the standard in the industry that the low clearance ramps are clearly marked with large warning signs and clearance measurement (as seen in low clearance parking garages ashore). This allows the longshoremen, or others operating vehicles aboard these ships, to know when they have reached the low clearance decks and to stop all high clearance vehicles, such as the vans that carry longshoremen. On the JUPITER LEADER, however, the low clearance decks were not marked in anyway, and the access ramps to such decks looked identical to the high clearance access ramps. As a result of this

Longshoreman's Complaint for Personal Injuries

accident, Plaintiff experienced various injuries to his body, including injuries to his neck, back and psyche.

12. The December 14, 2011, accident and injuries to Plaintiff were caused by the active negligence of Defendants, including, without limitation, their failure to: (1) turn the working areas of the JUPITER LEADER over to the longshoremen in a condition where the longshoremen could safely discharge the vehicle cargo, (2) warn the longshoremen of the hidden dangers aboard the vessel (which were not identifiable to experienced stevedores); (3) safely and reasonably maintain the areas of the vessel under their active control, including properly marking the reduced clearance areas of the upper decks and ramps aboard the JUPITER LEADER; and (4) intervene to prevent the stevedores from attempting to drive vans onto the vessel where there were unmarked and dangerous low clearance decks and ramps.

13. Defendants had actual or constructive notice of the dangerous condition and a sufficient time prior to the accident and injury to have taken reasonable measures to protect the longshoreman, including Plaintiff, who were required to assist in loading operations.

14. By reason of the foregoing, Plaintiff was caused to and did sustain severe painful and disabling injuries to his neck, low back, psyche and other injuries not known at this time.

15. By further reason of the foregoing, Plaintiff has been unable to fully engage in his normal and usual calling, and will suffer a diminution in future earning capacity.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

1. That process and due form of law, according to the practices of this Honorable Court in causes of admiralty and maritime jurisprudence, issue against the JUPITER LEADER and her engines, tackle, apparel, furniture, and appurtenances, etc., and that all persons having or claiming any interest in said vessel be cited to appear and answer, under oath, all and singular the matters heein; that Plaintiff have judgment *in rem* for his maritime lien for personal injury with pre-judgment interest and costs; and that JUPITER LEADER be arrested and sold to satisfy Plaintiff's judgment;

2. That Plaintiff may have a judgment against both the *in personam* and *in rem*

1 | defendants for his general, special and other allowable damages in an amount
2 | according to proof;
3. That Plaintiff be awarded prejudgment interest on the amounts awarded;
4. For costs of suit; and
5. For such other and further relief as the court may deem proper.

DATED: February 1, 2013                    BRODSKY MICKLOW BULL & WEISS LLP

By _____
   Edward M. Bull III
   Amy Jo Bull

Attorneys for Plaintiff
KENNETH NEAL

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in this action.

DATED: February 1, 2013                    BRODSKY MICKLOW BULL & WEISS LLP

By _____
   Edward M. Bull III
   Amy Jo Bull

Attorneys for Plaintiff
KENNETH NEAL

5
Longshoreman's Complaint for Personal Injuries